JOHN T. BROWN, plaintiff in error, *vs.* ROBERT M. PATTERSON, executor, defendant in error.

1. Where no plea of *lis pendens* is filed, a record showing the pendency of a former suit between the same parties, involving the same issue, is inadmissible.

2. Where the issue upon trial was whether the defendant, sought to be ejected as a tenant holding over, had, in good faith, abandoned the possession of the premises in dispute at the expiration of his term, and afterwards rented the same from the person under whom he then claimed to hold, or whether he colluded with such person and retained possession in violation of his rent contract with the plaintiff, it was not error in the court to refuse to charge that "if the defendant quit possession, and after the time had expired, wrongfully took possession, he might be an intruder, but the plaintiff cannot recover in this form of action."

Pleading. *Lis pendens.* Evidence. Landlord and tenant. Before Judge CLARK. Sumter Superior Court. October Adjourned Term, 1872.

Robert M. Patterson, as executor upon the estate of Malachi Patterson, deceased, instituted proceedings to eject John T. Brown, as a tenant holding over, from certain lands in Sumter county. The usual counter-affidavit was filed and bond given.

Upon the trial of the issue thus formed the defendant sought to show the pendency of a former suit involving the same issue, by the introduction of the record of proceedings in equity by bill, in which plaintiff was complainant, and the defendant one of the defendants. Upon objection, this evidence was excluded, and defendant excepted.

The evidence made the following case :

The defendant rented the premises in dispute for the year 1870, from plaintiff's testator, for $750 00 per annum, for which he gave his notes. The defendant insisted that the plaintiff, who was acting as the agent for testator, then in life, represented that there were three hundred acres of open land on the place, which statement was untrue. Plaintiff denied ever having made such representation, and asserted that he expressly notified the defendant that he rented upon his own knowledge of the premises, as he was much better acquainted therewith than was the plaintiff. Several small payments were made on the notes during the year.

In February, 1871, the defendant was found on the premises. He refused to deliver possession thereof to the plaintiff, claiming to hold under one Horne. He insisted that at the expiration of his term he had abandoned the place; that he returned on January 5th, 1871, and found Horne in possession; that he then, in good faith, rented from Horne. The plaintiff, upon the contrary, insisted that the defendant never had delivered up possession, and that this claim of holding under Horne was a mere matter of collusion between the two, by which the defendant might be enabled to retain possession.

Brown *vs.* Patterson.

Upon these two points the evidence was very conflicting.

The defendant requested the court to charge the jury as follows: "If the defendant quit possession, and after the time had expired, wrongfully took possession, he might be an intruder, but the plaintiff cannot recover in this form of action."

The court refused so to charge, and defendant excepted. ·

The jury found for the plaintiff and also $775 00 for rent. The defendant moved for a new trial, because the court erred · in the aforesaid exclusion of testimony, and in the refusal to ·charge. The motion was overruled, and defendant excepted.

· HAWKINS & HAWKINS, for plaintiff in error.

J. A. ANSLEY, by R. F. LYON, for defendant.

WARNER, Chief Justice.

This was a proceeding to eject a tenant who was holding over from certain described rented premises after his term had expired under the rent contract. The defendant filed a counter-affidavit, denying that he was then holding the premises, either by rent or lease, from the plaintiff. On the trial of the issue thus formed, the jury found a verdict for the plaintiff, and also found the sum of $775 00 due for rent. A motion was made for a new trial, on the several grounds stated therein, which was overruled by the court, and the defendant excepted.

1. There was no error in ruling out the record offered in evidence to show *lis pendens,* under the facts of this case. The defendant had filed no plea that a former suit was pending between the parties, involving the same subject matter of the rent contract, and the evidence was properly rejected for that reason, even if it would have been otherwise admissible.

2. There was no error in refusing to give in ·charge the second request of the defendant in relation to Horne and Brown being intruders, under the evidence disclosed in the record. There is no dispute as to the fact that the defendant rented the premises from the plaintiff for the year 1870, and occu-

pied the same for that year, and continued in the possession thereof during the year 1871. The question in dispute between the parties at the trial was whether the defendant abandoned the rented premises in good faith at the end of his term, and afterwards rented the same from Horne, under whom he claimed to hold for the year 1871, or whether he colluded with Horne and retained the possession of the premises, in violation of his rent contract with the plaintiff. In relation to this point in the case, the evidence was conflicting, but the jury found a verdict for the plaintiff, and, in our judgment, there is ample evidence in the record to sustain it. The questions involved in the issue on the trial between the parties was fairly submitted to the jury by the court in its charge, and we will not disturb their verdict.

Let the judgment of the court below be affirmed.